FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 8 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MONICA EDWARDS, Individually and on                    **PLAINTIFF**
Behalf of All Others Similarly Situated

vs.                          Case No. 4:19-cv- 805-KGB

PSM HOME HEALTH, INC.,                                 **DEFENDANTS**
and PETER S. MCINDOE

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Monica Edwards, individually and on behalf of all other similarly situated current and former employees of Defendants PSM Home Health, Inc., and Peter S. McIndoe (collectively "Defendants"), by and through her attorneys Allison Koile and Josh Sanford, and brings this Original Complaint—Collective Action, and in support thereof she does hereby state and allege as follows:

### I.        PRELIMINARY STATEMENTS

1.        This is an individual and collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who performed certain work for Defendants during the three-year period preceding the filing of this Complaint.

2.        Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and all other similarly situated employees lawful

This case assigned to District Judge Baker
and to Magistrate Judge Harris

minimum wages and overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged. Therefore, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

6.      The acts alleged in this Complaint had their principal effect within the Eastern Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

7.      This claim is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and is a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff's claims arise under § 207(a) of the FLSA.

## III.      THE PARTIES

8.      Plaintiff Monica Edwards is a citizen of the United States, domiciled in Pulaski County.

9.     Plaintiff was employed by Defendants between October of 2017 and October of 2018, and again from August 2019 until September of 2019 as an hourly-paid Caregiver employee.

10.     At all times relevant to this Complaint, Plaintiff was and hourly employee.

11.     Plaintiff and all those similarly situated are "employees" of Defendants as defined by 29 U.S.C. § 203(e).

12.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13.     Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Defendants as hourly paid employees Caregivers within three (3) years of the filing of this Complaint. As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

14.     The precise size of the FLSA Collective and the identity of the opt-in plaintiffs will be ascertainable from the business records of Defendants.

15.     At all relevevant times, Defendants are, and have been, an "employer" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA.

16.     Defendant PSM Home Health, Inc., is a home healthcare services provider serving clients in and around central Arkansas.

17.     Defendant PSM Home Health, Inc., is a domestic, for-profit corporation whose registered agent for service of process for the state of Arkansas is Peter S. McIndoe, 8 Shackleford Plaza, Suite 102, Little Rock, Arkansas 72211.

18.     Defendant Peter S. McIndoe is an individual and resident of Pulaski County, and at all times relevant to this Complaint, is and has been an officer and owner, member, partner and/or shareholder of Defendant PSM Home Health, Inc.

19.     McIndoe has at all times relevant hereto controlled the day-to-day operations of PSM Home Health, Inc., such that he is liable to Plaintiff as an employer under all relevant statutes.

20.     McIndoe established and maintained the wage and employment practices at issue in this case.

21.     Defendants' annual gross volume of sales or business done is not less than $500,000.00.

22.     Defendants have more than four employees.

23.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including medical supplies and equipment.

24.     Defendants hired and fired, or had the right to fire, Plaintiff and the collective members, established and maintained the pay policies and work schedules for Plaintiff and the collective members, supervised Plaintiff and the collective members, and otherwise controlled the working conditions of Plaintiff and the collective members.

## IV.     FACTUAL ALLEGATIONS

25.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

26.     Defendants' primary business purpose is to provide home healthcare services and living assistance to Defendants' customers, among other services, in and around central Arkansas. Defendants employed employees such as Plaintiff and the collective members to accomplish these purposes.

27.     Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other similarly situated individuals, to perform relevant duties, including traveling to Defendants' clients' homes to perform healthcare services and living assistance services and to complete relevant documentation.

28.     Plaintiff worked for Defendants as an hourly-paid Caregiver from approximately October of 2017 through August of 2018 and again from August of 2019 to September of 2019.

29.     During the period relevant to this lawsuit, Defendants classified Plaintiff as hourly, non-exempt from the overtime requirements of the FLSA and the AMWA.

30.     Plaintiff's hours varied from week to week, but Plaintiff worked more than 40 hours a week for Defendants on a regular basis. The same is true for other similarly situated employees.

31.     Despite their overtime work, Plaintiff and other similarly situated employees were not properly compensated for all hours or all overtime hours worked each week as a direct result of the policies and procedures implemented by Defendants.

32.     At times, the job duties of Plaintiff and other similarly situated employees required them to drive from one of Defendants' clients' homes to the next during a single workday, but Defendants did not compensate Plaintiff and other similarly situated employees for this drive time.

33.     Plaintiff and other similarly situated employees drove between the homes of Defendants' clients in at least one week during which Plaintiff and other similarly situated employees also worked in excess of forty hours.

34.     As a result of Defendants' standard policies related to drive time, Plaintiff and other similarly situated employees were not overtime wages for all hours worked in excess of forty per week.

35.     In addition, despite requiring Plaintiff and other similarly situated employees to clock in and out of Defendants' time-keeping system, Defendants did not pay Plaintiff and other similarly situated employees for all hours worked, but rather paid Plaintiff and other similarly situated employees for fewer hours than they actually worked.

36.     Plaintiff and other similarly situated employees received pay for fewer hours than they actually worked in at least one week during which Plaintiff and other similarly situated employees also worked in excess of forty hours.

37.     As a result of Defendants' practice of paying Plaintiff and other similarly situated employees for fewer hours than they actually worked during weeks in which they worked in excess of forty hours per week, Defendants failed to pay Plaintiff and others similarly situated overtime compensation for all hours worked in excess of forty per week.

38.     In addition, Defendants paid Plaintiff and other similarly situated employees varying hourly rates, but did not calculate the "regular rate" for purposes of paying overtime by totaling all amounts paid during the week and dividing by all hours worked as required by governing regulations.

39.     As a result of Defendants' standard policies related to the calculation of the regular rate, Plaintiff and other similarly situated employees were paid less than one and one-half times their regular rate of pay for all hours worked in excess of forty per week.

40.     In addition, Defendants had a standard practice of charging Plaintiff and other similarly situated employees via paycheck deduction for background checks which were a condition of employment imposed by Defendants.

41.     The deductions Defendants made for the background checks effectively reduced the pay of Plaintiff and others similarly situated, resulting in Defendants paying Plaintiff and others similarly situated less than the minimum and overtime wages required by law.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

42.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.     Plaintiff proposes to represent a class of individuals defined as follows:

**All Caregivers employed during the three years
prior to the filing of Plaintiff's Original Complaint**

44.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed, or will file, a written Consent to Join this lawsuit.

45.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46.     The members of the proposed collective are similarly situated in that they share these traits:

a. They were employed by Defendants as Caregivers;

b. They were hourly employees, non-exempt from overtime protections;

c. They were subject to Defendants' common policy of paying multiple hourly rates and failing to properly calculate the regular rate for overtime purposes;

d. They were subject to Defendants' common policy of not paying for time spent traveling between visits with Defendants' clients;

e. They were subject to Defendants' common practice of failing to provide compensation for all hours worked in a week;

f. They were subject to Defendants' common policy of making paycheck deductions for background checks; and

g. They regularly worked in excess of forty hours per week.

47. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the class exceeds fifty (50) persons.

48. Defendants can readily identify the members of the Section 16(b) class, which encompasses all Caregivers employed by Defendants.

49. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

50. In addition, and in the alternative, Plaintiff bring this action in her individual and personal capacity, separate and apart from the class claims set forth herein.

## VI.      FIRST CAUSE OF ACTION
## (Individual Claim for Violation of the FLSA)

51.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52.      Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53.      At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

54.      At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.      29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56.      At all times relevant to this Complaint, Defendants classified Plaintiff as non-exempt from the minimum wage and overtime requirements of the FLSA.

57.      Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff the statutory minimum wage for all hours worked through forty per week in weeks in which Defendants made deductions for background checks.

58.      Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half

times their regular rate of pay for all hours worked over forty (40) in each one-week period through miscalculation of the regular rate and failure to pay for all hours worked.

59.     Defendants' failure to pay Plaintiff all minimum and overtime wages owed was willful.

60.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

61.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.      SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

62.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

64.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

65.     Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets

the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

66.     At all times relevant to this Complaint, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

67.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff the statutory minimum wage for all hours worked through forty per week in weeks in which Defendants made deductions for background checks.

68.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period through miscalculation of the regular rate and failure to pay for all hours worked.

69.     Defendants' failure to pay Plaintiff all overtime wages owed was willful.

70.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

71.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.        THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

72.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

73.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

74.     At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

75.     Defendants classified Plaintiff and all similarly situated employees as non-exempt from the overtime requirements of the FLSA.

76.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated the statutory minimum wage for all hours worked through forty per week in weeks in which Defendants made deductions for background checks.

77.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period through miscalculation of the regular rate and failure to pay for all hours worked.

78.     Defendants willfully failed to pay minimum and overtime wages to Plaintiff and to others similarly situated.

79.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

80.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiff Monica Edwards prays that Defendants be summoned to appear and answer herein and for judgment against Defendants as follows:

A.     That Defendants be summoned to appear and answer herein;

B.     Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

C.     An award of unpaid wages for all hours worked, including minimum wages for all hours worked through forty per week and overtime wages for all hours worked in excess of forty in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA;

D.     Equitable tolling of the FLSA statute of limitations;

E.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

F.      An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages for all hours worked through forty per week and overtime wages for all hours worked in excess of forty in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

G.      An Order pursuant to the AMWA awarding Plaintiff unpaid overtime and any other damages or injunctive relief allowed by law;

H.      An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

I.      An Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

J.      An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

K.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PLAINTIFF MONICA EDWARDS,**
**Individually and on Behalf**
**of All Other Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com


Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com